Robert Lewis, Administrator, *against* Edwin Lewis.     *December,* 1822.

A WRIT of Fi. Fa. issued from the Circuit Court of Baldwin County, on the 9th day of *January*, 1822, in favour of *Edwin Lewis* against the goods and chattels which were of *Figures Lewis*, and remaining in the hands of *Robert Lewis* to be administered, was levied by the sheriff of *Mobile* County on five slaves, *Ned, Monday* and her child, *Mary* and lotted to Administratrix as distributee, not liable to an execution against goods, &c.

1. On trial of right of property, verdict that part of the property levied on is liable to the execution is equivalent to finding residue not liable.
2. Property allotted of intestate.

Robert Lewis,
Administrator,
v.
Edwin Lewis.

*Sam*, and 80 head of cattle. *Robert Lewis* claimed this property as belonging to him in his own right, and as guardian of his brothers and sisters. An issue, as directed by the Statute, being tried to ascertain the right to the property, the Jury rendered a verdict " that *Robert Lewis*, the claimant " under the Statute, had no claim to the negroes *Ned* and " *Monday*, and sixty head of cattle levied on," &c.; " and " that the claim to said negroes and cattle by *Robert Lewis* " was for the purpose of delay, and assess," &c.

The Circuit Court rendered judgment on the verdict, from which *Robert Lewis* appealed to this Court. A bill of Exceptions was taken to the charge of the Judge on the trial, the points presented by which, and by the assignments of Errors, appear in the

Opinion of the Court by Judge *Crenshaw*.

On the trial of the right of property, the Jury found against the claimant as to two slaves and sixty head of cattle; the verdict says nothing as to the residue of the property on which the execution was levied :—but a part of the property specifically mentioned being found liable to the execution, the inference is irresistible that the Jury concluded that the residue was not liable; and it was in fact equivalent to finding as to the residue in favour of the claimant.

As to the charge of the Judge, as set forth in the Bill of Exceptions, it appears that the property found by the verdict to be liable to the execution had been of the estate of *Figures Lewis*. *Patsy Lewis* administered on this estate. Distribution thereof was made pursuant to an order of the Orphan's Court, and the property in question assigned and allotted to *Patsy Lewis* as her distributive share. The several distributees received possession of their respective parts. *Patsy Lewis* died. The appellant administered on her estate, and also obtained administration *de bonis non* on the estate of *Figures Lewis*. The judgment (on which the Execution issued and was levied on the property claimed by *Robert Lewis*) was rendered against him as administrator *de bonis non* of *Figures Lewis* long since the distribution.

By the bill of Exceptions it appears that the Judge charged the jury " that as it did not appear that *Patsy Lewis*, as ad- " ministratrix of *Figures Lewis*, had taken refunding bonds " from the several distributees of his estate at the time of dis- " tribution, that the part of the property levied on, which in " the lifetime of *Figures Lewis* had been his property, was " in the hands of the distributees liable to the plaintiff's ex- " ecution."

This Court is bound to presume that the distribution made in pursuance of an order of the Orphan's Court was in conformity to law, when nothing to the contrary appears or is even alleged. If the order for distribution had been surreptitiously obtained in order to defraud creditors, it might alter the case; but nothing of this kind is alleged.

After the distribution, *Patsy Lewis* no longer held this property as administratrix. The legal title was changed and vested in her, in her own right, by the distribution and allotment long before the appellee's execution issued. It was *totally* immaterial as to the liability of the property to the execution, whether the administratrix took of the distributee's bonds to refund or not. The bonds were intended for her indemnity and at her option she might dispense with them. The legal right of a distributee cannot be affected by the administrator's neglecting or declining to take such bond.

I am therefore of opinion that the presiding Judge erred in the charge to the Jury, and of this opinion are a majority of the Court.

Judgment reversed.

*Crawford* and *Hitchcock*, for appellant, cited, 1 Wash. 312. Toller's law of Execution, title, Execution.

*Rust*, for appellee.